# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CARLTON YANCEY, et al.,** | Civil Action No. 15-6646 FLW-DEA |
| **Plaintiffs,** | |
| v. | **MEMORANDUM AND ORDER** |
| **WAL-MART CORPORATION, et al.,** | |
| **Defendants.** | |

**ARPERT, United States Magistrate Judge**

This matter comes before the Court on a Motion by Plaintiffs Carlton and Letitia Yancey (collectively, "Plaintiffs") to seal certain materials. ECF No. 101. Specifically, Plaintiffs seek to permanently seal Plaintiffs' letter to the Court dated January 22, 2019. ECF No. 95. Defendant Wal-Mart Corporation has not responded to the Motion. The Court has fully considered Plaintiffs' motion and, having declined to hold oral argument pursuant to Fed. R. Civ. P. 78(b), for the reasons specified below, Plaintiffs' Motion to Seal is **GRANTED**.

## I.  Legal Standard

Local Civil Rule 5.3 governs requests to seal documents filed with the Court. Under Rule 5.3(c)(2), a party seeking to seal documents must show "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c).

1

"There is a common law right of public access to judicial records, although the right is not absolute." Carson v. New Jersey State Prison, 2018 WL 4343313, at *1 (D.N.J. Sept. 10, 2018), (*citing* In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001)). To override that common law right of access, a party seeking to seal the judicial record "'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" Carson, 2018 WL4343313, at *1 (*citing* Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994); Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). "In delineating the injury to be prevented, specificity is essential." Carson, 2018 WL4343313, at *1 (*citing* Publicker, 733 F.2d at 1071)). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." Carson, 2018 WL4343313, at *1. Additionally, where a party moves to seal pretrial motions of a "nondiscovery nature" the moving party must make a showing sufficient to overcome a "presumptive right of public access." *See* Leucadia v. Applied Extrusion Technologies, Inc., 998 F.2d 157, 164 (3d Cir.1993). To overcome this presumption, the moving party must demonstrate that "good cause" exists. Good cause exists when it "is demonstrated that disclosure will cause a clearly defined and serious injury." Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (*citing* Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir.1994)).

To provide further clarity, the Third Circuit has set forth the following additional factors to consider in determining whether "good cause" exists:

(1) Whether disclosure will violate any privacy interests;

(2) Whether the information is being sought for a legitimate purpose or for an improper purpose;

(3) Whether disclosure of the information will cause a party embarrassment;

2

(4) Whether confidentiality is being sought over information important to public health and safety;

(5) Whether the sharing of information among litigants will promote fairness and efficiency;

(6) Whether a party benefitting from the order of confidentiality is a public entity or official; and

(7) Whether the case involves issues important to the public.

See Glenmede, 56 F. 3d at 483 (citing Pansy, 23 F.3d at 787-91) and Archbrook Laguna LLC v. New Age Elecs., Inc., 2008 U.S. Dist. LEXIS 61074, *5-8 (D.N.J. July 28, 2008).

## II. DISCUSSION

Plaintiffs seek to seal their letter to the Court dated January 22, 2019. ECF No. 95. As an initial matter, the Court notes that the letter was filed to the docket on January 24, 2019 and was accessible to the public for four days prior to this Court's entry of a Temporary Sealing Order on January 29, 2019 in reaction to Plaintiffs' request by letter dated January 28, 2019. ECF Nos. 97-98. The Court notes further that Plaintiffs themselves included the information in the letter that constitutes the basis for their request now to seal, though, as another Court has stated, "caution must be exercised when filing documents that contain...[m]edical records, treatment, and diagnoses." Briglia v. Ameritas Life Ins. Corp., 2015 WL 4314062, at *2 (D.N.J. July 14, 2015) (*quoting* Metropolitan Life Ins. Co. v. Bennett, 2008 U.S. Dist. LEXIS 36394, at *2 (D.N.J. May 1, 2008) (*citing* L. Civ. R., ELECTRONIC CASE FILING POLICIES AND PROCEDURES ¶17, *as amended* April 3, 2014).

In accordance with the first factor set forth in the Local Rules, the Court concludes that Plaintiffs have satisfactorily explained the nature of the materials, namely a letter requesting additional time to meet a Court-imposed deadline and explaining the reasons behind the request. *See* L.Civ.R. 5.3(c)(2)(a), ECF No. 101 at p.3.

With respect to the second factor, the Court concludes Plaintiffs have demonstrated a "legitimate public or private interests which warrant the relief sought." *See* L.Civ.R. 5.3(c)(2)(b). Specifically, Plaintiffs contend the letter was of "a very personal nature," containing details about Plaintiff's "sensitive and personal details" that "have absolutely no material bearing on the [instant] case." ECF No. 101 at p.3. The Court observes that the letter contains various references to Plaintiffs medical history. The Court acknowledges Plaintiffs possess an important interest in maintaining the privacy of, among other things, a medical history only tangentially related to this instant litigation. Indeed, it is well recognized that "[a]n individual has a right to privacy in his or her medical information." Briglia v. Ameritas Life Ins. Corp., 2015 WL 4314062, at *2 (D.N.J. July 14, 2015) (*citing* United States v. Westinghouse Elec. Corp., 638 F.2d 570, 577 (3d Cir.1980) ( "Information about one's body and state of health is matter which the individual is ordinarily entitled to retain within the 'private enclave where he may lead a private life.' It has been recognized in various contexts that medical records and information stand on a different plane than other relevant material.").

In addressing the third factor, Plaintiffs must adequately describe a serious and clearly defined injury that would result if the Motion to Seal is denied. L. Civ. R. 5.3(c)(2)(c). If the Motion is denied, Plaintiffs contend, continued availability of the letter on the public docket would result in "extreme unnecessary embarrassment, both Publicly and Socially." ECF No. 101 at p.3. Third Circuit precedent establishes that "vague and speculative allegations...are insufficient to demonstrate the requisite injury and otherwise fail to show that the balance of relevant issues weigh in favor of confidentiality." *See* Yanick v. Temple Univ. Health Sys., 297 Fed. Appx. 111, 115 (3d. Cir 2008). Yet, the Court is persuaded that Plaintiffs meet this burden because the loss of the

"legitimate public or private interest" identified in the second factor here constitutes the kind of "serious and clearly defined injury" contemplated by the Local Rules.

Finally, in analyzing the fourth factor in the Local Rules, the Court is persuaded that less-restrictive alternatives to sealing the letter, say redacting personal details, would be impractical as such redactions would then constitute the bulk of the letter. L. Civ. R. 5.3(c)(2)(d). The "[t]he burden of justifying the confidentiality of each and every document..." remains on the moving party. See Pansy, 23 F.3d 786-87. Here, though Plaintiffs unnecessarily included the myriad personal details in their letter, the Court is persuaded that the privacy interest in Plaintiff's personal and medical details is compelling and weighs against the strong presumption of public access to Court records. Accordingly, for good cause appearing,

**IT IS** on this 13th day of May 2019,

**ORDERED** that Plaintiffs' Motion to Seal [ECF No. 101] is **GRANTED.**

> s/ Douglas E. Arpert
> **DOUGLAS E. ARPERT**
> **UNITED STATES MAGISTRATE JUDGE**