UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLTON YANCEY AND LETICIA YANCEY,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>WAL-MART CORPORATION, et al.<br><br>　　　　　　Defendant. | Civil Action No. 15-6646 (FLW)(DEA)<br><br>**MEMORANDUM OPINION AND ORDER** |

　　　This matter comes before the Court on a Motion for Various Orders Regarding Discovery [ECF No. 143], filed by Plaintiffs Carlton Yancey and Leticia Yancey (collectively, "Plaintiffs"). Defendant Wal-Mart has opposed the Motion. ECF Nos. 144, 145, 146, and 147. Plaintiffs filed a response to Defendant's opposition [ECF No. 149]. Plaintiffs' Motion actually consists of six separate motions as follows:

**I.　Plaintiffs seek an Order requiring Defendant to provide Plaintiffs with names and addresses of certain employees, so that notices of deposition may be served on those employees.**

　　　Plaintiffs seek "an Order for Defendant to provide them with names and addresses of employees, not yet provided, so that notices of deposition may be served on respective employees." ECF No. 143 at 3. Plaintiffs state they require the names and addresses of three employees that Defendant has not yet provided. *Id.*

　　　First, Plaintiffs state they require "the LAST NAME of 'Matt,' the 'Master Mechanic' who worked on the bicycle [] purchased by Mr. Yancey, who claimed it was 'safe to ride.'" *Id.* at 4. Plaintiffs contend the only information provided by Defendant "for Matt, . . . as I previously

1

advised, he is no longer employed by Walmart. His last known address is 80 South Main Street, Windsor, NJ 08561." *Id.*

Next, Plaintiffs state they require "[a]ll contact information for 'Rondel.' The Walmart associate who initially adjust[ed] the handlebars of the bicycle, purchased by Mr. Yancey." *Id.* Plaintiffs state Defendant's counsel previously informed them that "my client has advised that there is no way to determine who the assembly associate was, as that information is not tracked." *Id.* Plaintiffs contend that "[t]his has since proved to not be the case." *Id.*

Last, Plaintiffs contend they require all contact information for a Manager, "Amanda" who was "Deborah's Assistant Manager." *Id.* Plaintiffs contend Amanda was present during Rondel's adjusting of the handlebars of the bicycle purchased by Mr. Yancey. *Id.*

    a. <u>Defendant's Opposition.</u>

Defendant does not expressly oppose Plaintiffs' Motion. However, Defendant refers to the employees in question in its opposition to Plaintiffs' Motion for Answers to Interrogatories. ECF No. 145. There, Defendant states that Matt and Rondel are no longer employed at Walmart and "as such, their contact information has already been provided to Plaintiff's counsel." *Id.*

    b. <u>Analysis</u>

The Court finds that in answering Interrogatories, Defendants have provided Plaintiffs' former counsel with contact information for Matt and Rondel. ECF No. 145. **Although information for Matt and Rondel has previously been provided to Plaintiffs' counsel, the Court directs Defendants confirm their last known addresses and provide any information Defendant may possess with respect to "Amanda" within 30 days of the filing of this Memorandum Opinion and Order.**

**II.    Plaintiffs seek Order compelling Defendant to provide Plaintiffs with any, and all video, and audio tapes, and recordings that Defendant has of the day and time in question.**

Plaintiffs' next Motion asks the Court for "an order for defendant to provide plaintiffs with any, and all video, and audio tapes, and recordings, that Walmart has, of the day, and time, in questions, July 16, 2014, when Mr. Yancey purchased his bicycle from Walmart, and during which time, various employees performed operations on said bicycle." ECF No 143. at 6. Plaintiffs state multiple Wal-Mart employees performed operations on the bicycle, and the operations were also observed by other employees, namely, Deborah, the store manager, and Amanda, Deborah's Assistant Manager. *Id.* at 8. Plaintiffs contend that Deborah told Plaintiffs "they have them" after Mr. Yancey's accident. *Id*. Plaintiffs contend Wal-Mart now contradicts Deborah's statement as it claims it does not have any video or audio recordings. *Id.*

    a.   <u>Defendant's Opposition.</u>

In its opposition [ECF No. 147] to Plaintiffs' Motion, Defendant contends "Plaintiffs had previously made this request . . . and an answer was provided." ECF No. 147. Specifically, Defendant states that on March 4, 2020, an email was forwarded to Plaintiffs advising that Defendant's counsel had reviewed the relevant files and no videotapes or other recordings were located. *Id.* Ex. A. Further, counsel has advised Plaintiffs that Defendant has also confirmed that no such videotapes or recordings exist. ECF No. 147. Thus, Defendant argues, an answer to Plaintiffs' request has already been provided thus making Plaintiffs' motion moot. *Id*.

    b.   <u>Plaintiffs' Response.</u>

Plaintiffs first assert that "while we have requested video, from the date that Mr. Yancey purchased the bicycle in question . . .we did not request any photographs, although we welcome any that exist. What we did request in addition to the video recordings, was any audio recordings."

3

ECF No. 149-1. Plaintiffs contend that their attorney at the time, in his correspondence to Walmart's defense attorney requested that all video be preserved. *Id.* Additionally, Plaintiffs contend Deborah assured Plaintiffs that the store had video recordings of the transaction. *Id.* Plaintiffs argue the store should have preserved these recordings. *Id.* Further, Plaintiffs assert if Defendant has destroyed, or concealed any such tapes, Plaintiffs ask the Court to find that Defendant has "obstructed discovery." *Id.*

    c. <u>Analysis.</u>

The Court finds, to the extent it appears Defendants have conducted a reasonable, thorough, and diligent investigation in response to Plaintiffs' request and communicated the results of that investigation, i.e., that the requested materials do not exist, Plaintiffs' Motion is denied. *See Bumgarner v. Hart*, 2007 WL 38700, at *5 (D.N.J. Jan. 4, 2007) (holding that the Court cannot order production of documents that are not in the responding party's possession or control). **Defense counsel, however, is directed to confirm whether any such recordings (photo, audio or video) ever existed and, if so, what became of them, within 30 days of the filing of this Memorandum Opinion and Order.**

**III.    Plaintiffs seek Order requiring Defendant to provide Plaintiffs with the answers to interrogatories that were given to Defendant.**

Plaintiffs' third Motion asks the Court for an "Order for defendant to provide plaintiffs with the answers to the interrogatories that were given to Walmart, but which Walmart did not answer, at all, claiming throughout, that they were 'too [i]ntrusive, time consuming, etc.'" *Id.* at 10. Plaintiffs do not point to any specific interrogatories. However, presumably Plaintiffs are asking for answers to interrogatories regarding employee names and records of those employees. Plaintiffs state "[f]or example, we pray that the court will order that the record of the various

4

employees, for example, Rondel's, and Matt's training, certifications, knowledge, experience, as it is very possible that either, or both of them was not properly certified to even work on bicycles." *Id.* at 11.

Plaintiffs argue that Wal-Mart has gone to lengths to hide the records of employees and claim they "do not know who he is" or "who it was who worked on the bicycle that Mr. Yancey purchased." *Id.* Plaintiffs contend it is unreasonable that Wal-Mart would have an employee "on the floor" who was not signed in or clocked in. *Id.* Further, Plaintiffs argue that from a liability standpoint, no one would be allowed to work on the floor or perform operations on a bicycle without Wal-Mart's knowledge. *Id.* Thus, Plaintiffs contend, Wal-Mart knows who was working at the date, and time, when Mr. Yancey purchased the bicycle in question, which he was assured by "Matt", with Deborah in his presence, was "safe to ride." *Id.*

    a. <u>Defendant's Opposition.</u>

Defendant opposes Plaintiff's Motion stating, "[t]here were numerous discovery requests served on Walmart and responses were provided back in 2016." ECF No. 145. Defendant argues that Plaintiffs do not specify which discovery responses they claim are incomplete. *Id.* Regardless, Defendant argues its responses were provided almost four years ago. *Id*. Defendants further argue, "since that time, there has been no request for 'more specific' interrogatories from Plaintiff[s]." *Id.*

Defendant states that employees Matt and Rondel are no longer employed by Walmart and their contact information has already been provided to Plaintiffs. *Id.* Additionally, Deborah is still employed by Wal-Mart, but it is unclear what specific information Plaintiffs are requesting from or about her. *Id.* Thus, Defendant asserts all interrogatories have been answered and requested

information provided to Plaintiffs. *Id.* Defendant argues that if information was not provided or objected to, it is either because the same does not exist or the request was objectionable. *Id.*

      b. <u>Plaintiffs' Response.</u>

Plaintiffs contend that their Motion stands on its merits and is self-explanatory. ECF No. 149-4. Plaintiffs argue that the interrogatories were not answered, except to say "we object to this question, due to. . . etc., etc., etc." *Id*. Plaintiffs contend the rest of the interrogatories were given the same "non-answer." *Id.* Plaintiffs argue it is impossible to proceed with "no answers." *Id.* Further, Plaintiffs state the total case file obtained from their two previous attorneys is huge, and takes a lot of time to go through it all. *Id.* Finally, Plaintiffs state that if the Court needs Plaintiffs to scan and send out actual interrogatories, they ask for additional time to do so. *Id.*

      c. <u>Analysis.</u>

The Court finds that Defendants have previously answered or responded to Plaintiffs' interrogatories. Inasmuch as Plaintiffs have otherwise failed to specifically identify any of Defendant's answers or responses which they contend are inadequate, **Plaintiffs' Motion is denied**.

**IV.**    **Plaintiffs seek an Order requiring Defendant to wait until Mr. Yancey's medical treatments are complete, before submitting to an Independent Medical Examination ("IME").**

Next, Plaintiffs request that Defendant's request for a defense medical examination ("IME") be deferred until Mr. Yancey's medical treatments are complete. ECF No. 143 at 17. Plaintiffs state that Mr. Yancey needs more time to see his doctors, as they are not making appointments due to Covid-19. *Id.* Plaintiffs state that doctors are also cancelling many appointments making the wait even longer. *Id.* Thus, Plaintiffs argue because Mr. Yancey is not

able to have either his back surgery, or the implanting of a SCS before the IME, Plaintiffs pray that the IME be postponed until these events have taken place, and Mr. Yancey has had sufficient time to heal. *Id.* Additionally, Plaintiffs add that Mr. Yancey may need to see additional specialists in New York, which he is unable to at this time due to scheduling restrictions. *Id.*

      a. <u>Defendant's Opposition.</u>

Defendant opposes Plaintiffs' Motion to defer the defense medical examination ("IME") of Mr. Yancey until his treatment is completed. Because he has been unable to schedule appointments or complete his treatment, Mr. Yancey's several IME appointments have been cancelled. ECF No 144. Defendant argues the matter has already been stayed on two different occasions per Mr. Yancey's request due to his medical condition. *Id*. Further, Defendant requests, although this matter has recently been delayed due to the current pandemic, that this matter should now proceed. *Id.*

Defendant states Mr. Yancey was initially scheduled for an IME on February 20, 2020. *Id*. Plaintiff did not appear for the examination. *Id*. The IME was rescheduled in May 2020, but this appointment was rescheduled due to the pandemic. *Id.* Next, the IME was rescheduled in June 2020, but again cancelled. *Id*. Defendant contends "[w]hile the undersigned understands that there is still a pandemic, litigation needs to continue." *Id*

Further, Defendant argues litigation needs to continue even though Plaintiffs allege that Mr. Yancey is still in treatment. *Id.* This includes scheduling and appearing for an IME. *Id.* Defendant contends that many doctors have resumed seeing patients, taking all necessary precautions. *Id* at 2. Thus, Defendant argues "there is no reason to stay the IME. Staying same will only further delay the progression of this matter." *Id.*

      b. <u>Plaintiffs' Response.</u>

7

Plaintiffs argue Defendant's opposition is without merit. ECF No. 149. Plaintiffs contend that some of the objections Defendant asserts are "nothing short of false, and some that are irrelevant." *Id*. Plaintiffs state that a previous letter to the Court addressed why Mr. Yancey did not attend the first IME. *Id.* Additionally, Plaintiffs add that the IME in June 2020 was "presumptuously scheduled by defense counsel." *Id.* Plaintiffs assert that "[w]e are still in the middle of a pandemic. . . ." and "we are all in unexplored territory". *Id.* Thus, Plaintiffs contend, the "usual way of looking at things" need to be adjusted. *Id.*

Plaintiffs argue that social distancing cannot be maintained during an IME. *Id*. Further, Plaintiffs contend Mr. Yancey is not finished with his treatments, "and even if the IME doctor was able to touch Mr. Yancey (if there was no pandemic), it would cause Mr. Yancey a great deal of pain which we pray the Court will allow us to say, we would prefer to not allow." *Id*.

    c. <u>Analysis.</u>

The Court denies Plaintiffs' Motion seeking an Order requiring Defendant to wait until Mr. Yancey's medical treatments are complete, before submitting to an IME. This case has already been delayed on at least two occasions based on Mr. Yancey's medical condition. Thus, the Court finds that any further delay of the IME must be supported by a report from a doctor detailing the medical conditions which prevent Mr. Yancey from submitting to an IME. **Any such report must be submitted to theCourt and defense counsel within 30 days of the filing of this Memorandum Opinion and Order. Absent such a report, the IME of Mr. Yancey must be completed by June 30, 2021.**

**V.**     **Plaintiffs seek an Order allowing Plaintiffs to wait until Mr. Yancey is well enough to properly conduct the depositions of the various Wal-Mart employees.**

Next, Plaintiffs ask for an Order "allowing Plaintiffs to wait until Mr. Yancey is well enough and is able to concentrate and to properly conduct the depositions of the various Wal-Mart employees." ECF No. 143 at 20. Plaintiffs state Mr. Yancey is very drowsy throughout the day due to the multiple pain medications that he takes "around the clock." *Id.* at 21. Thus, Plaintiffs argue this would make it very difficult for Mr. Yancey to "concentrate, during a deposition, when he will be needing to ask questions of the deponent, carefully listening to, and considering the answers, and based on those answers, perhaps ask different, follow-up questions." *Id.* Plaintiffs contend this would make it impossible for Mr. Yancey to successfully conduct proper depositions. *Id.* Additionally, Plaintiffs contend that Mr. Yancey will suffer additional pain having to sit for long periods of time for the duration of each of the depositions. *Id.* Plaintiffs add that the pain he suffered from sitting for his own deposition lasted for "quite some time afterwards." *Id.*

    a. <u>Defendant's Opposition.</u>

Defendant opposes [ECF No. 146] Plaintiffs' motion arguing that this is an unrealistic request and further request that discovery in this matter proceed, including any depositions Plaintiffs wish to conduct. *Id.* Defendant contends Plaintiffs have already requested numerous stays due to Mr. Yancey's medical condition. *Id.* Additionally, the Court has already provided additional time for the completion of discovery due to the current pandemic. *Id.*

Defendants argue that most depositions are being conducted remotely utilizing Zoom or other platforms. *Id.* Thus, this would allow Mr. Yancey to be in the comfort of his own home while conducting depositions. *Id.* For theses reasons, Defendant argues Plaintiffs' Motion should be denied.

    b. <u>Plaintiffs' Response.</u>

Plaintiffs contend there has "been no stay on this case, since 2017. Since that time, however, Mr. Yancey has been through other procedures, not the least of which was major surgery, i.e., left total hip replacement, as well as others, less severe." ECF No. 149-2. Next, Plaintiffs add that those stays were ordered by the Court and not requested. *Id.* Further, Plaintiffs contend that Mr. Yancey continues to be in pain, for which he is prescribed multiple pain medications to be taken "around the clock." *Id*. These pain medications leave Mr. Yancey in a state making it difficult to clearly concentrate. *Id.* Additionally, Plaintiffs contend Defendant would have Mr. Yancey conduct depositions under these circumstances, and that "we are not even sure if it is not a violation of his civil and disability rights for them to even insist that he be asked to do so." *Id*. Plaintiffs thus contend it is inappropriate to ask a person to conduct something such as multiple depositions under the circumstances.

Next, while Plaintiffs "genuinely appreciate the offer of doing this by Zoom", Plaintiffs argue the medium is irrelevant. *Id.* Plaintiffs contend that the depositions being provided virtually will not remove the lack of mental acuity and pain Mr. Yancey will be in during the depositions. *Id.*

Last, Plaintiffs contend they have no way of recording all depositions and would be precluded from and control of recording the depositions. *Id.* Plaintiffs contend "we, too, intend to video record all depositions, and would have no way of doing so, if the depositions were done via 'Zoom,' or other platform—at least not to the extent that defense counsel's videographer enjoyed, e.g., being able to do whatever he wanted to do with the video camera." ECF No. 149-3.

   c. <u>Analysis</u>

**The Court finds that discovery in this matter has been significantly delayed and now must proceed. Thus, Plaintiffs are directed to produce a complete list of the depositions they propose to conduct within 30 days of the filing of this Memorandum Opinion and Order. Further, the parties are to confer in order to agree on a schedule to complete all depositions by July 31, 2021**.

**VI.   Plaintiffs seek an Order allowing Plaintiffs to be able, and allowed to continue to submit discovery, from medical providers.**

Last, Plaintiffs seek "an Order allowing Plaintiffs to be able, and allowed to continue to submit discovery, from medical providers." ECF No. 143 at 23. Plaintiffs state that Mr. Yancey is not yet done with his medical treatments such as "his MRIs, EMGs, and whether or not he will have additional spine surgery, or an SCS implanted." *Id.* at 24. Additionally, Plaintiffs state Mr. Yancey has suffered damage to his lower extremities due to his sedentary lifestyle, some of which "we have been told is 'permanent'". *Id*. Additionally, Plaintiffs contend Mr. Yancey "may very well be required to undergo daily treatments for the remainder of his life." *Id.* Further, Mr. Yancey allegedly suffers other pains caused by a sedentary lifestyle imposed on him due to the injuries he sustained from his bicycle accident. *Id.* Thus, Mr. Yancey may need to "bring on additional specialists." *Id.*

Plaintiffs state the case files from their previous attorney are not complete and it has been discovered that they are missing medical reports. *Id.* Some of which are reports the Court ordered be submitted to defense counsel. Per the Court's instructions, Plaintiffs submitted a description of the reports, along with the names of providers but are still not in possession of the actual physical reports. Plaintiffs contend, if they are unable to locate actual physical reports, Plaintiffs "will have no other recourse but to contact the providers ourselves." *Id.* Presumably, Plaintiffs ask that as further treatments are done, the Court will allow Plaintiffs to produce this discovery.

      a.  <u>Analysis.</u>

Parties are obligated to supplement their contentions when it becomes necessary to do so. *See* Fed. R. Civ. P. 26(e)(1)(A) ("A party who has ... responded to an interrogatory ... must supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete ...."). Therefore, Plaintiffs are already required to supplement, or correct disclosures and discovery responses as new material comes to light. Fed. R. Civ. P. 26(e). Plaintiffs do not need the Court's permission to supplement discovery so long as it is done pursuant to Rule 26(e). *Id.* **Accordingly, Plaintiffs' Motion is denied as moot.**

## VII. Conclusion.

The Court having considered the papers submitted, and for the reasons set forth above,

**IT IS** on this 16th day of April, 2021,

**ORDERED** that Plaintiffs' Motion for Various Ordered Regarding Discovery [ECF No. 143] is GRANTED, in part, and DENIED, in part; and it is further

**ORDERED** that defense counsel must serve a copy of this Order on Plaintiffs, by regular U.S. mail, at their address of record; and it is

**ORDERED** that the Court will conduct a Telephone Status Conference on May 26, 2021 at 11:00 AM. Counsel for Defendant is directed to initiate the call to (609) 989-2144; and it is further

**ORDERED** that Plaintiffs and defense counsel must confer at least 24 hours in advance of the conference to confirm attendance and discuss any matters to be addressed to the Court during the conference; and it is

**ORDERED** that this Order **terminates** ECF No. 143.

_____
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**