UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CARLTON YANCEY AND LETICIA YANCEY,

    Plaintiffs,

    v.

WAL-MART CORPORATION, et al.,

    Defendants.

Civil Action No. 15-6646 (RK) (DEA)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon Plaintiffs' motion for reconsideration (ECF No. 184) of the Court's July 7, 2023 Order (ECF No. 183) dismissing the case with prejudice. Defendant Wal-Mart Corporation ("Wal-Mart") submitted a letter brief on July 31, 2023, opposing Plaintiffs' motion. (ECF No. 194.) The Court has carefully considered the parties' submissions and decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).

    On June 8, 2015, more than eight years ago, Plaintiffs Carlton Yancey and Leticia Yancey ("Plaintiffs) filed this negligence action against Defendant Wal-Mart Corp. This matter has a long and tortured history which need not be set forth in detail here yet again. For an exhaustive chronological recitation of the Plaintiffs serial flouting of Court Orders, obstructive and dilatory conduct, this Court refers to a series of lengthy and comprehensive Report and Recommendations issued by the Honorable Douglas E. Arpert. (Report and Recommendation dated January 29, 2018, 7 pp. at ECF No. 62 (subsequently withdrawn at ECF No. 69); Report and Recommendation dated

April 9, 2019, 19 pp. at ECF No. 103 (subsequently withdrawn at ECF No. 117); and Report and Recommendation dated January 31, 2022, 23 pp. at ECF No. 163.

In this last Report and Recommendation, Judge Arpert recommended dismissal of the case, with prejudice, under Federal Rule of Civil Procedure 41(b) "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court." ECF No. 163. As is clear in the record, U.S. District Judge Georgette Castner reserved on the Report and Recommendation, afforded the Plaintiffs "one final opportunity to prosecute this case," and set forth a detailed, proscribed discovery-related schedule. ECF No. 179. Judge Castner, in writing, advised: "[N]o extensions will be granted for the dates set forth herein. Failure to abide by these deadlines will result in dismissal of the case with prejudice for the reasons set forth in the R&R." Id. at 2.

Defendants complied with Judge Castner's directive by providing Plaintiffs with medical authorizations for Mr. Yancey's signature on or before June 9, 2023. Mr. Yancey, however, failed to sign and return executed copies of the medical authorizations by June 16, 2023, as directed by Judge Castner. Id. at 2. After Plaintiff's failure to abide by Judge Castner's Scheduling Order, on June 26, 2023, Defendant sent Plaintiff a "reminder email." Def. Letter Br. In Opposition for Reconsideration at ECF No. 194, p. 2; Ex. E. On July 7, 2023, this Court dismissed the action. ECF No. 183. To date, Plaintiff failed to provide the executed medical authorizations. Instead, Plaintiff filed a flurry of letters which set forth difficult to discern yet oft repeated objections and purported excuses for noncompliance. ECF Nos. 184, 185, 186, 187, and 188, a number which Plaintiff has moved to seal.

Reconsideration is an "extraordinary remedy" to be granted "sparingly." *United States v. Coburn*, No. 19-00120, 2022 WL 874458, at *2 (D.N.J. Mar. 23, 2022) (quoting *NL Indus. Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). "The purpose of a motion for

reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quotation marks omitted) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). To succeed on a motion for reconsideration, a movant must show "(1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2020) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

Pursuant to Local Civil Rule 7.1(i), a party may move for reconsideration within fourteen (14) days of an entry of order or judgment on the original motion. In its brief, the party must "set[] forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." *See* L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citing Allyn Z. Lite, *New Jersey Federal Practice Rules* 30 (2001)). A motion for reconsideration does not entitle a party to a second bite at the apple, and reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2–3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988).

Here, Plaintiffs do not cite any aspect the three discrete avenues required to prevail on a motion for reconsideration. They do not cite an intervening change in the law, new evidence not previously available, or the need to correct a clear error of law or prevent a manifest injustice.

Instead, again, Plaintiffs flout another court order, compounding their well-chronicled, serial noncompliance and dilatory conduct. No additional discussion is warranted.

**IT IS THEREFORE**, on this 8th day of August, 2023, **ORDERED** as follows:

1. Plaintiffs' Motion for Reconsideration (ECF No. 184) is **DENIED**.

2. The Clerk of Court is directed to terminate the motion at ECF No. 184 and to close this case.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: August 8, 2023